SC

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Michael Dean Davis,                    )    No. CV 09-0233-PHX-DGC (MEA)
                                        )
        Plaintiff,                  )    **ORDER**
                                        )
vs.                                     )
                                        )
Dora Schriro, et al.,                   )
                                        )
        Defendants.                 )
                                        )

     Plaintiff Michael (Dean) Davis, who is confined in the Arizona State Prison Complex, Browning Unit, in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  (Doc.# 1, 3.)  Plaintiff subsequently filed a First Amended Complaint and another Application to Proceed *In Forma Pauperis*.  (Doc.# 4, 5.)  The First Amended Complaint supersedes the Complaint in its entirety.  The second *in forma pauperis* application will be denied as moot.  (Doc.# 5.)  The Court will dismiss the First Amended Complaint with leave to amend.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

     Plaintiff's Application to Proceed *In Forma Pauperis*, doc.# 3, will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and

JDDL-K

forward the fees according to the statutory formula.

**II.     Statutory Screening of Prisoner Complaints**

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's First Amended Complaint will be dismissed for failure to state a claim with leave to amend because the First Amended Complaint may possibly be saved by amendment.

**III.    First Amended Complaint**

        In his First Amended Complaint, Plaintiff alleges three counts for violation of his constitutional rights with respect to mail.  Plaintiff sues Dora Schriro, the former director of the Arizona Department of Corrections (ADC); Captain  Smith-Whitson; and Correctional Officer II (COII) Cavilliero and Cook.  Plaintiff seeks compensatory and injunctive relief.

**IV.    Failure to State a Claim**

        To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v.

1    Goode, 423 U.S. 362, 371-72, 377 (1976).

2        **A.    Schriro**

3            In each count, Plaintiff alleges that former director Schriro implemented policies

4    pursuant to state law and was responsible for ensuring compliance with those policies.  A

5    defendant is liable only if she "play[ed] an affirmative part in the alleged deprivation of

6    constitutional rights."  King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987).  In a defendant's

7    individual capacity, this means that a plaintiff "must allege facts, not simply conclusions, that

8    show that an individual was personally involved in the deprivation of his civil rights."

9    Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  In a defendant's official

10   capacity, this means that a plaintiff must set forth facts to support that a defendant either

11   created or acted pursuant to an official policy or custom that caused the plaintiff's

12   constitutional injury.  See Berry v. Baca, 379 F.3d 764, 767 (9th Cir. 2004) (quoting Monell

13   v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)).  Because there is no *respondeat superior*

14   liability under § 1983, a defendant's position as the supervisor of a person who allegedly

15   violated a plaintiff's constitutional rights does not impose liability on the supervisor.  See

16   Monell, 436 U.S. at 694; Taylor, 880 F.2d 1040, 1045 (9th Cir. 1989).  "A supervisor is only

17   liable for constitutional violations of his subordinates if the supervisor participated in or

18   directed the violations, or knew of the violations and failed to act to prevent them."  Taylor,

19   880 F.2d at 1045.

20           Plaintiff alleges that Schriro failed to adequately ensure compliance with policies and

21   procedures.  His claim against Schriro is based solely upon *respondeat superior*.  As

22   discussed above, *respondeat superior* does not provide a basis for relief under § 1983.

23   Plaintiff therefore fails to state a claim against Schriro.

24       **B.    Mail**

25           Counts I and III concern the constitutional right to send and receive mail and prison

26   rules regarding mail.  An inmate retains First Amendment rights not inconsistent with his

27   status as a prisoner or with legitimate penological objectives of the corrections system.  See

28   Shaw v. Murphy, 532 U.S. 223, 231 (2001); Clement v. California Dep't of Corr., 364 F.3d

1148, 1151 (9th Cir. 2004).  This includes the First Amendment right to send and receive mail.  Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995).  Jail officials, however, may institute a policy or procedure that restricts an inmate's First Amendment rights if such policy or procedure is reasonably related to legitimate penological interests.  Mauro v. Arpaio, 188 F.3d 1054, 1058 (9th 1999) (en banc).  For example, "[p]revention of criminal activity and the maintenance of prison security are legitimate penological interests which justify the regulation of both incoming and outgoing prisoner mail."  O'Keefe v. Van Boening, 82 F.3d 322, 326 (9th Cir. 1996); Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993) (jail had legitimate security interest in inspecting detainees' mail for contraband); Martin v. Tyson, 845 F.2d 1451, 1456-57 (7th Cir. 1988) (same); Murray v. Edwards County Sheriff's Dep't, 453 F. Supp. 2d 1280, 1294 (D. Kan. 2006).  In addition, to state a claim, a plaintiff must allege facts to support how a defendant actually and proximately caused the deprivation of his First Amendment rights.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

### 1.    Count I

In Count I, Plaintiff alleges that on November 13, 2008, Cavalliero seized "my letter because of no returne [sic] address on it" and threatened to dispose of the letter by February 13, 2008 (or nine months prior to the November 2008 seizure).  Plaintiff asserts that prison policies do not require a return address.  He further alleges that the policy cited by the officer provides that if ADC can identify the sender of mail after opening it, the mail may be returned to the inmate.  Plaintiff seeks monetary damages if the letter was destroyed.

DO 914.02.1.3 provides as follows:

Incoming Mail shall have a complete return address including the sender's name and the complete street address or Post Office Box. Mail without a complete return address shall be opened and read to inspect the contents to make a reasonable attempt to ascertain the identity of the sender.  If the sender can be identified and the mail does not present any security concerns the mail may be delivered to the inmate. If the sender cannot be verified, the inmate shall receive a notice and the mail held for 90 days before it is destroyed.

Contrary to Plaintiff's assertion, the prison policy at issue requires incoming mail to contain a return address and only provides that non-compliant mail *may* be delivered *if* it

does not present any security concerns *and* the sender can be verified.  Similar policies and regulations have been upheld as reasonable in the prison context.  See Morrison v. Hall, 261 F.3d 896, 906-907 (9th Cir. 2001).  Plaintiff fails to allege facts to support that this policy is not rationally related to legitimate penological concerns.  For these reasons, Plaintiff fails to state a claim for infringement of his First Amendment rights in Count I.

### 2.     Count III

In Count III, Plaintiff alleges that Cook seized photographs mailed to him depicting nudity and sexual acts, citing DO 914.02.1.8.1, which Plaintiff asserts contradicts Department Order 914, which allegedly allows publications that depict nudity and sexual acts.  DO914.02.8 provides that "Personal photographs included with incoming mail shall not be sexually explicit."  DO 914.02.1.8.1 further provides:

> Inmates are not authorized to receive personal photographs in which a subject is nude, or when the photo depicts sexually suggestive acts including, but not limited to intercourse, fellatio, and sodomy.  These photographs shall be removed from the letter and the letter delivered to the inmate, with a notice that the photographs were removed. These photographs may be returned to the sender at the sender's or inmate's expense or the inmate may elect to have them destroyed.

DO 914.06 governs the receipt of publications and DO 914.07 governs the receipt of publications deemed obscene under applicable constitutional standards.   Receipt of publications are governed by review by a separate committee.

Inmates do not have a constitutionally-protected right to receive personal photographs depicting nudity or sexual activity.  Inmates do have a constitutional right, not inconsistent with their status as prisoners, to receive publications subject to constitutional standards.  Different considerations are at issue in the regulation of publications than are at issue in the regulation of incoming personal mail.   In any event, Plaintiff fails to allege facts to support the absence of legitimate penological interests in prohibiting the receipt of photographs depicting nudity and sexual activity sent by personal mail. He therefore fails to state a claim.

## C.     Access to the Courts

Plaintiff designates Count II as a denial of access to the courts claim.  The right of meaningful access to the courts prohibits state officials from actively interfering with an

1   inmate's attempt to prepare or file legal documents.  Lewis v. Casey, 518 U.S. 343, 350
2   (1996).  That right, however, only encompasses the ability to bring petitions or complaints to
3   federal court and not to discover or even effectively litigate such claims once filed with a
4   court.  Id. at 354; see also Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) ("The right
5   of access is designed to ensure that a habeas petition or civil rights complaint of a person in
6   state custody will reach a court for consideration.")  The right "guarantees no particular
7   methodology but rather, the conferral of a capability--the capability of bringing contemplated
8   challenges to sentences or conditions of confinement before the courts."  Lewis, 518 U.S. at
9   356.  Further, the denial of access to a paralegal or use of a law library is not actionable if
10  there is no claim of prejudice to an existing or future legal action.  Id. at 351-53.  That is, an
11  inmate must establish that he suffered an "actual injury" when he alleges that he was denied
12  access to a paralegal or a law library.  See Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir.
13  1994).  An "actual injury" is "actual prejudice with respect to contemplated or existing
14  litigation, such as the inability to meet a filing deadline or present a claim."  Lewis, 518 U.S.
15  at 348.  In other words, a plaintiff must allege facts to support that a defendant's conduct
16  prevented him from bringing to court a non-frivolous claim that he wished to present.  Id. at
17  351-53.

18          In Count II, Plaintiff alleges that Smith-Whitson informed him that Department Order
19  902 §1.4.2, which provides for the logging and stamping of outgoing legal mail, was no
20  longer in effect in the Browning Unit due to the lack of financial resources.  Plaintiff alleges
21  that the only way to have legal mail stamped in his unit is if staff bring the log and stamp to
22  an inmate's cellfront because inmates are confined 23 hours a day.  Plaintiff fails to allege
23  facts to support that any Defendant denied him the ability to file any contemplated challenge
24  in state or federal court. Plaintiff also fails to identify any court-ordered deadlines with which
25  he was unable to comply as a result of any Defendant's acts or omissions.  In addition,
26  Plaintiff fails to allege facts to support that he suffered an actual injury, i.e., actual prejudice
27  to contemplated or existing litigation.  For these reasons, he fails to state a claim for denial
28  of access to the courts in Count II.

**V.     Leave to Amend**

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the previously filed complaints by reference.  Plaintiff may include only one claim per count.

A second amended complaint supersedes the original complaint.  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the previously filed complaints as nonexistent.  <u>Ferdik</u>, 963 F.2d at 1262.  Any cause of action that was raised in a prior complaint is waived if it is not raised in a second amended complaint.  <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

**VI.    Warnings**

**A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.  (Doc.# 3.)

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)     Plaintiff's second Application for Leave to Proceed *In Forma Pauperis* is **denied** as moot.  (Doc.# 5.)

(3)     The First Amended Complaint (doc.# 4) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in

1  compliance with this Order.

2      (4)    If Plaintiff fails to file a second amended complaint within 30 days, the Clerk

3  of Court must, without further notice, enter a judgment of dismissal of this action with

4  prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

5      (5)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

6  rights complaint by a prisoner.

7      DATED this 14th day of April, 2009.

8

9

10

11  _____

12          David G. Campbell
        United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  Change of Address.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  See Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>      Attorney for Defendant(s)
>
> _____
> (Signature)

9.  Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  See Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  Exhibits.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

    1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,  )
(Full Name of Plaintiff)    Plaintiff,                  )
                                            )
            vs.                        )   **CASE NO.** _____
                                            )       (To be supplied by the Clerk)
(1) _____ ,   )
(Full Name of Defendant)                    )
(2) _____ ,   )
                                            )   **CIVIL RIGHTS COMPLAINT**
(3) _____ ,   )   **BY A PRISONER**
                                            )
(4) _____ ,   )   ☐ Original Complaint
         Defendant(s).                    )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )   ☐ Second Amended Complaint

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
        ☐ Other: _____ .

2.   Institution/city where violation occurred: _____ .

Revised 3/9/07                                   1                              **550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
_____ at _____.
(Position and Title)                                        (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
_____ at _____.
(Position and Title)                                        (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
_____ at _____.
(Position and Title)                                        (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____ at _____.
(Position and Title)                                        (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail            ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
        at your institution?                                              ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count I?      ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?   ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
        you did not.  _____
        _____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities     ☐ Mail     ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings  ☐ Property   ☐ Exercise of religion   ☐ Retaliation
    ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes   ☐ No
    b.   Did you submit a request for administrative relief on Count II?    ☐ Yes   ☐ No
    c.   Did you appeal your request for relief on Count II to the highest level?    ☐ Yes   ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT III**

1.    State the constitutional or other federal civil right that was violated: _____
_____ .

2.    **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____ .

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .

5.    **Administrative Remedies.**
    a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
    b.    Did you submit a request for administrative relief on Count III?      ☐ Yes    ☐ No
    c.    Did you appeal your request for relief on Count III to the highest level?      ☐ Yes    ☐ No
    d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____ .

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____         _____
                              DATE                                                  SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.